Paris & Great Northern Railway Company et al. v.
S. E. and J. F. Greiner.

No. 7173.

1. **Homestead — Practice.** — Plaintiffs sued for a town lot detached from their residence lots, alleged to be a part of their homestead, fenced and used as such. Such allegation not specifically excepted to is sufficient to admit evidence to any kind of use in connection with the residence.

2. **Improvements in Good Faith.**—A town lot used in connection with a homestead detached from it was sold by the husband; parties purchased and improved the lot, not knowing of any homestead use or right. The wife brought suit for recovery of the lot; subsequently the husband joined in the suit as plaintiff. They recovered the lot sued for, but the court made no disposition of the claim made by the defend-

ants for value of improvements made while possessors in good faith. *Held*, reversible error; whether the lot was homestead or not, the husband would be liable for the increased value made by such improvements; although if homestead no lien upon it would exist, nor would a personal judgment be rendered against the wife.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAN.

This suit was originally brought by S. E. Greiner, the wife of J. F. Greiner, against the Paris & Great Northern Railway Company, the St. Louis & San Francisco Railway Company, the Gulf, Colorado & Santa Fe Railway Company, S. J. Wright, and Alexander Douglas, to recover certain real estate in the city of Paris, alleging that the husband J. F. Greiner had conveyed part of the land to A. L. McMurry, part of it to S. J. Wright, and part of it to B. F. Spaulding, and that McMurry conveyed his part to S. J. Wright, and that Wright and Spaulding conveyed to the Paris & Great Northern Railway Company, and the latter leased it to the St. Louis & San Francisco Railway Company, and also to the Gulf, Colorado & Santa Fe Railway Company.

Plaintiff Mrs. Greiner claimed the land as her urban homestead, and alleged, that their original homestead in the city of Paris was a small house and lot, all worth not exceeding $500, and that her husband J. F. Greiner bought the land in controversy to increase and add to the homestead, and that its use as such was necessary; that at the time of the sales by J. F. Greiner it was used as a part of the homestead, was improved and under fence, and that the original homestead, together with the land in controversy, was not worth the sum of $5000. It is alleged, that the sale by J. F. Greiner to Wright was on April 1, 1884; to McMurry on the 3d of April, 1884, and to Spaulding on the 8th of May, 1884. By leave of the court J. F. Greiner joined his wife in the suit, and they both by amendment set up the foregoing facts. The alleged conveyance to Wright and Spaulding, of date the 23d of April, 1886, of all the land, was to Douglas as trustee for the Paris & Great Northern Railway Company.

Defendants answered: 1. By plea in abatement, to the effect that as the title to the land is in A. Douglas, trustee for the Paris & Great Northern Railway Company, which is in possession of the land, the St. Louis & San Francisco Railway Company is not a proper or necessary party. 2. General denial and not guilty. 3. If the property in controversy ever was plaintiffs' homestead (which they deny), it was voluntarily abandoned before J. F. Greiner conveyed it; that it was community property of Greiner and wife at the time J. F. Greiner conveyed it, and was conveyed for valuable consideration and possession given; that said defendants the railway companies have the authority of "eminent domain;" that defendant the Paris & Great Northern Railway Company paid full value for the land in good faith, under the vendees of J. F. Greiner, who were in possession of said land, and defendants had

no notice of plaintiffs' homestead claim at, before, or since the date of J. F. Greiner's conveyances of said land until the institution of this suit; that appellees then had and now have a homestead in Paris upon which they then resided and now reside, which is not adjoining the land in controversy, but 200 yards distant.

By way of cross-bill, defendant the Paris & Great Northern Railway Company alleged, that long before the institution of this suit it took possession of the land under its deed; that it bought it for depot purposes in connection with other lands adjoining it, all of which appellees knew; that it constructed its roadbed, tracks, ties, and rails thereon; a large number of sidetracks, switches, a well and water tank, buildings, shops, and other houses, and various other terminal facilities, on the land in controversy, necessary for the operation of the road, and it is now a necessary part of its depot grounds; that such improvements were placed there at a cost of $20,000, and in good faith, believing it had good title, etc., and with no notice of appellees' claim; that appellees witnessed the improvements being put there by defendant on the faith of its title, but they made no objection, but purposely and fraudulently concealed their homestead claim for the purpose of recovering said land with defendants' improvements thereon.

Defendants allege, that without the land in controversy their terminal facilities are inadequate and can not be used as such, all of which cost more than $100,000. They allege, that at the time J. F. Greiner sold and conveyed said land it was in no way occupied or used as a homestead, or in connection with appellees' homestead, nor was there on the land anything indicating such use, nor did either of the appellants have any notice of such use; alleges, that plaintiffs are insolvent, and defendants damaged in the sum of $25,000, and that appellees are estopped to claim the land or improvements and ought not to recover, but if they recover the land, that they ought to be required to do equity. They pray for damages and all relief, legal or equitable, general and special, to which they are entitled.

Appellees (plaintiffs) filed first supplemental petition, containing: 1. General denial. 2. That the St. Louis & San Francisco Railway Company has possession of the land in controversy, and has leased it, together with all the rights, franchises, and property, from the Paris & Great Northern Railway Company for ninety-nine years, and now holds it by virtue of said lease.

There being no jury, the court rendered judgment for plaintiffs against the Paris & Great Northern Railway Company, Alexander Douglas, trustee, the Gulf, Colorado & Santa Fe Railway Company, the St. Louis & San Francisco Railway Company, and S. J. Wright, for title and possession of the land conveyed by J. F. Greiner to S. J. Wright and to A. L. McMurry, but made no disposition of the land

conveyed by J. F. Greiner to B. F. Spaulding, and adjudged all costs against all the defendants and awarded execution.

From this judgment the defendants have all appealed.

[This statement accompanied the opinion.]

*Hale & Hale* and *Park & Ownby*, for appellants.—1. Where any particular use made of real estate separated from the homestead where the family resides, and which was acquired subsequent to the acquisition and occupancy of the homestead proper, is relied upon to constitute such disconnected subsequently acquired property a part of the homestead, such use ought to be alleged, and if not alleged can not be proved; and especially when there is no visible use or occupancy at the time of a sale and conveyance by the husband alone, where it is not known by the purchaser to be a part of the homestead. Jennings v. Moss, 4 Texas, 452; Gray v. Osborne, 24 Texas, 158; Thompson v. Eanes, 32 Texas, 194; Mims v. Mitchell, 1 Texas, 443; Denison v. League, 16 Texas, 408; Thompson v. Munger, 15 Texas, 529; Caldwell v. Haley, 3 Texas, 318.

2. The land in controversy at the date of the deeds of J. F. Greiner to S. J. Wright and to A. L. McMurry was not used as part of Greiner's homestead, nor was it at the time any part of his homestead, and the title passed to his vendees by his deeds. Iken v. Olenick, 42 Texas, 201, 202; Inge and Boring v. Cain, 65 Texas, 80, 81; Wynne v. Hudson, 66 Texas, 9, 10; Miller v. Menke, 56 Texas, 563, 564; Shryock v. Latimer, 57 Texas, 674; Grosholz v. Newman, 21 Wall., 486; Thomp. on Homesteads, secs. 104, 240, 241, 245, 246; Effinger v. Cates, 61 Texas, 592.

3. The court should have allowed appellants pay for improvements or expenditures on the property, or have made a decree on that subject disposing of that issue. Eberling v. Deutscher Verein, 72 Texas, 340; Saunders v. Wilson, 19 Texas, 202.

*J. H. Warren* and *Dudley & Moore*, for appellees.—1. The allegation in the petition that the land sued for was a part of appellees' homestead was alone sufficient to admit the evidence complained of. A pleader is only required to state the facts on which he intends to rely as constituting his cause of action. It is not necessary to state such circumstances as constitute merely the evidence of those facts; and when the facts are stated, though in a defective manner, objections must be made by special exceptions, if the party would take advantage of it, and not to the evidence which may be offered on the trial in support of the allegations. Rains v. Herring, 68 Texas, 468; McCauley v. Long, 61 Texas, 79; Railway v. Dorough, 72 Texas, 110; Cameron v. Thurmond, 56 Texas, 31; Wells v. Fairbanks, 5 Texas, 584; Oliver

v. Chapman, 15 Texas, 405; Thomas v. Chapman, 62 Texas, 194; Robinson v. Davenport, 40 Texas, 341.

2.   The land that was sold and deeded by J. F. Greiner to Wright and McMurry had been used by Greiner and wife as a pasture for their domestic animals from the date of its purchase, in 1882, to the time of its sale in April, 1884, and its use for that purpose made and constituted it a part of plaintiffs' homestead, although it was detached from the lot upon which the residence or mansion house stood; and such use was notice to Wright and McMurry of its homestead character, and the findings of the court were in accordance with the evidence.   Rollins v. O'Farrel, 77 Texas, 90; Oppenheimer v. Fritter, 79 Texas, 99; Jacobs v. Hawkins, 63 Texas, 1; Blum v. Whitworth, 66 Texas, 350; Loan and Land Co. v. Blalock, 76 Texas, 85; Medlenka v. Downing, 59 Texas, 40; Arto v. Maydole, 54 Texas, 244; Pryor v. Stone, 19 Texas, 371; Evans v. Womack, 48 Texas, 230; Bassett v. Messner, 30 Texas, 604; Hancock v. Morgan, 17 Texas, 582; Newman v. Farquhar, 60 Texas, 640; Axer v. Bassett, 63 Texas, 545.

3.   The homestead so long as it is not abandoned (and it can not be abandoned by the husband alone in fraud of the wife's rights) can only be alienated by a conveyance made by the husband and wife in accordance with law; nor will the fraud of the husband nor the actual knowledge of the wife of the improvement of the homestead pass her interest in it; but to estop the wife from asserting her claim to the homestead she must be guilty of some positive fraud, or some act of concealment or suppression which in law would be equivalent thereto. Johnson v. Bryan, 62 Texas, 623; Berry v. Donley, 26 Texas, 737; Eckhardt v. Schlecht, 29 Texas, 129; Sampson v. Williamson, 6 Texas, 102; Thomas v. Williams, 50 Texas, 269; Blum v. Whitworth, 66 Texas, 350; Newman v. Farquhar, 60 Texas, 640.

4.   The plea of defendants for improvements was not sufficient under our statute, in that it did not allege possession in good faith for one year; but if it was, the finding of the court was a general finding in favor of the plaintiffs, and a general finding by the court or the verdict of a jury in trespass to try title, for the plaintiff, when there is a claim for improvements in good faith, is in effect a finding against such claim.   Broxson v. McDougal, 70 Texas, 64.

COLLARD, Judge, *Section A.*—The appellants' first assignment of error is as follows:  "The court erred in permitting the plaintiffs (appellees) to introduce evidence, over the objections of appellants, to prove that Greiner and wife used the land in controversy in connection with their homestead and as part thereof as a pasture for their cow and calf; because there was no pleading upon which said evidence was admissible, and no notice given to defendants that such use was relied

upon to make the property disconnected with their homestead proper a part thereof. Reference is here made to bill of exceptions number 1 on this point.''

The allegation was, that the land was a part of the homestead, was used as such, and was fenced. If defendants desired a more specific allegation they should have called for it by special exceptions. They could not raise the question by objecting to the testimony.

There is an assignment based upon the assumption that the judgment is in favor of Mrs. S. E. Greiner alone, and should be reversed, because the property is community of herself and husband. The record does not sustain the assumed fact. The judgment is for both plaintiffs. It reads: ''And the court after hearing the evidence and the argument of counsel, and being fully advised, is of opinion the law and facts are with the plaintiffs, and the said plaintiffs are entitled to recover of the defendants the title and possession of so much of the land sued for in this action as is embraced in and described in the deed from J. F. Greiner to S. J. Wright, and also that embraced in the deed from J. F. Greiner to A. L. McMurry.'' Then follows a description of the land, and the judgment proceeds: ''It is therefore considered by the court, and it is so ordered, adjudged, and decreed, that the plaintiff S. E. Greiner, who is joined herein by her husband J. F. Greiner, do have and recover of and from defendants [naming them, the land, etc.], and that plaintiffs have their writ of possession,'' etc. No comment is necessary.

It is insisted by appellants, that there was error in the judgment, because it failed to award compensation for improvements made in good faith, failed to make any disposition of that issue, or to make any legal or equitable decree on the subject, and failed to make any disposition of the defendant Spaulding or of the land claimed by him. The judgment was simply for the plaintiffs for the land sold by Greiner to McMurry and Wright, and made no mention of improvements; but ordinarily such a judgment would pass improvements annexed to the soil. In the conclusions of fact, the court found that the residence homestead and the land in controversy were worth at the time designated as a homestead $600, and that at the time the property in dispute was sold by Greiner it and the lot on which plaintiffs lived were worth about $1250; and also, that ''the defendants the railway companies have since the purchase from Wright and Spaulding placed on the land in dispute their track, sidetracks, and other improvements; and the land at this time is worth $2000 per acre.'' The court then, as a conclusion of law, decided that the land conveyed by Greiner to Wright and to McMurry was at the date of the deeds part of the homestead of plaintiffs, and that the deeds of Greiner, his wife not joining, passed no title, and that plaintiffs were entitled to recover the same. As before shown, judgment was so entered.

The evidence relied on to support the claim of plaintiffs to homestead in the property is not the most convincing, and it is equally as uncertain in showing that Wright and McMurry had notice of the claim to homestead when they bought, or that they knew facts which would charge them with notice. Love v. Breedlove, 75 Texas, 649. There is no testimony showing that the railway company or Douglas, the trustee, knew anything of the claim at the time of the deed to the latter. At the time of the sales to Wright and McMurry the condition as to homestead was about as follows:

Greiner and wife resided in a house on a lot about 80 by 200 feet. The lot in controversy, about one and a half or one and three-fourths acres, was on a direct line from the house two or three hundred yards away, a barnyard and the lots of other persons intervening, but around by the streets one hundred yards further; all in the limits of the city of Paris. The lot in controversy was fenced, but the fence was in a dilapidated condition, down in several places, and cattle went in and out at will. It was used, up to the time of the sale by Greiner, as a pasture for a cow and calf, or cows and calves. It had not been so used continuously; in bad weather and in winter the cow and calf were kept in a small inclosure on the house lot, where they were fed. The son of plaintiff, when the pasture was used for such domestic purposes, drove the animals around by the streets and turned them on the lot, which was covered with Bermuda grass. Greiner bought the property with the avowed intention of making it a pasture for the cow and calf, and at once fenced it for such use. Wright and McMurry both testify, that they did not know of the homestead claim until this suit was brought, but it does not appear that they did not know how the lot was used by the plaintiffs. It is not pretended that it was so used when it was sold to Douglas, trustee of the Paris & Great Northern Railway Company, but it was in proof, that when the improvements mentioned in the answer were placed on the land plaintiffs had knowledge of the fact, set up no homestead claim, and made no objection. It seems Greiner was gone from home most of the time after he sold the land, but he knew the facts and made no objection. Under these circumstances, had there been no homestead involved, the court should have allowed compensation for the improvements as a charge upon the land, to the extent that the land was enhanced in value by these—not their value for railway purposes. Ordinarily in such case the court would adjust the equities, and in a similar case it was done where the improvements were made on the wife's separate estate, the court holding that the wife was estopped. Cole v. Bammel, 62 Texas, 115, on rehearing. The court decided that the property was homestead, and for this reason we presume he allowed nothing for the improvements, because such a judgment would or could result in a forced sale of the land (Rev. Stats., chap. 2, title 96) or a charge upon the homestead, which, under our laws and

Constitution, could not be done. Nor could the court render judgment against Mrs. Greiner personally for the claim.

We think, however, that under the pleadings and the evidence the deeds of J. F. Greiner, under whom defendants claimed, having failed and being virtually held for naught, he being allowed to recover the land with his wife, the court should have given judgment for the improvements to the extent of the increased value of the land thereby, against him—a personal judgment. The value of the improvements, or rather their cost, was proved, and there was evidence from which the increased value of the land could have been ascertained. Such a judgment was rendered in a suit by the husband and wife when the suit was to cancel the deed of the husband alone, the land being homestead, defendant setting up improvements made in good faith. The deed was cancelled as homestead, and the judgment against the husband for the value of improvements less the value of the land was affirmed by the Commission of Appeals, whose conclusions were adopted by the Supreme Court of this State. Eberling v. Deutscher Verein, 72 Texas, 340. See, also, Goff v. Jones, 70 Texas, 572, and authorities cited. Such a judgment could not be made a charge upon the homestead.

We have not passed upon the right of homestead, and it would not be proper for us to do so at this time.

No other assignment need be considered. Our conclusion is, that the judgment of the lower court should be reversed and the cause remanded for another trial.

*Reversed and remanded.*

Adopted April 26, 1892.

A motion for rehearing was refused.