## G. V. MILLER, JR., v. Z. W. GRAY.

*Decided April 30, 1902.*

**1.—Landlord and Tenant—Removal of House.**

Where plaintiff leased a portion of his homestead to W. in consideration that W. would erect a storehouse thereon which was to belong to plaintiff at the end of the lease, and W. erected the house and sold his lease to defendant with plaintiff's consent, defendant was not entitled, on quitting the property before the end of the lease, to remove the storehouse, and an injunction to prevent him from so doing was properly granted.

**2.—Homestead—Lease—Joinder of Wife.**

A written option for a lease of four years on land that is part of a homestead, given by the husband but not signed by the wife, can not be enforced.

Appeal from Dallas. Tried below before Hon. T. F. Nash.

*O. N. Brown,* for appellant.

*Parks & Crawford,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued to restrain appellant from moving a certain storehouse off the land of appellees. Appellant alleged that he had bought the land from D. T. Whatley. The cause was tried by jury, and upon their verdict the injunction was made perpetual restraining appellant from removing the house from the land.

It appears from the statement of facts that appellee leased a small portion of his rural homestead to D. T. Whatley for a period of five years in consideration that he would erect thereon a storehouse, which at the end of the lease was to become the property of appellee. Whatley built the house, and after occupying it for nearly a year sold his lease, with the consent of appellee, to appellant. About the same time appellant leased two acres of land from appellee including that on which the storehouse stood for the remaining four years of Whatley's lease. Appellant by the written contract got an option on the land for the four years at $40 an acre from appellee, which was not signed by the wife. The land, as above stated, was a part of the homestead of appellee and his wife. When appellant offered to purchase at the price named she refused to sign a deed to the land, and appellant moved the improvements he made off the land, and was about to move the storehouse erected by Whatley, when the injunction was served on him.

It becomes unnecessary to examine and discuss the numerous errors assigned, for the reason that the uncontroverted proof shows that the storehouse was attached to real estate belonging to appellee, and appellant had no right or authority to remove the house from the land as long as it belonged to appellee. It is admitted that the house was attached to the homestead; that Whatley had built it with the distinct understanding that it should become the property of appellee at the end of the lease, and appellant could not move it off without the consent

of the owner of the land. He had no greater right in the house than had his vendor, Whatley. The option, if any, was not enforcible against the homestead right, and he obtained nothing by the contract except the lease held by Whatley. He had not paid that price, but because a deed was not given him, as he desired, he abandoned the lease and was attempting to remove the house from the land. He was properly restrained from so doing. ·

The judgment is affirmed.

*Affirmed.*

Writ of error refused.