# NOVEMBER, 1917

J. W. BAKER v. SADIE COMAN ET AL.

No. 2896. Decided November 7, 1917.

**1.—Bawdy House—Injunction—Action.**

A private citizen, unable to show injury to himself personally thereby, may maintain action under articles 4689, 4690, Revised Statutes, to enjoin the keeping of a bawdy house, though situated within limits in which the city authorities have endeavored, in accordance with the charter powers, to segregate and legalize prostitution—the proviso to article 4689, permitting such segregation being unconstitutional, but not affecting the remaining parts of the statute. Spence v. Fenchler, 107 Texas, 443, followed and approved. (Pp. 87, 88.)

**2.—Same—Statute—Unconstitutional Proviso.**

The fact that plaintiff, to maintain his action, was compelled to assert the invalidity of the proviso to article 4689 did not prevent him from enforcing the right given by the article in question, the proviso being separable and its unconstitutionality not affecting the validity of the remainder of the article. (P. 88.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Harris County.

Baker sued Coman and others for injunction against maintaining a bawdy house. The injunction was granted by the trial court, but was dissolved on reversal of the judgment on defendant's appeal. Appellee then obtained writ of error.

*Kittrell & Kittrell,* for plaintiff in error.—The court erred in sustaining the contention of appellant that article 4689, Revised Statutes, and article 362a could not be invoked without giving effect to the whole of such articles, such holding of the Court of Civil Appeals being error, because the proviso is wholly null and void, it having been adjudged unconstitutional, and in legal contemplation has no existence, and can not be effective to deprive plaintiff of the remedy unquestionably conferred upon him by other statutes. Arts. 4674, 4678, 4679, 4680, 4683, 4684, 4689, 4690, 4691, 4692 of the Rev. Stats. of 1911 (art. 362a, Vernon-McIlwaine's Digest, 1912, P. C., p. 68), and art. 362b, Acts 1907, p. 246; art. 4643, Rev. Stats. of 1911; Cooley on Constitutional Law, 6th ed., p. 222; Black on Constitutional Law, pp. 64-68; People v. Lynch, 51 Cal., 15, 21 Am. Rep., 827; 8 Cyc., notes 23 and 24, p. 768; 8 Cyc., p. 804; Summer v. Crawford, 91 Texas, 129-32; Ex parte Allison, 99 Texas, 455.

To show that the courts of last resort of this State have step by step reached the conclusion arrived at in the Brown Cracker & Candy Co. v. City of Dallas case, we cite: In re Garza, 28 Texas Crim., 381, 13 S. W., 779; San Antonio v. Schneider, 37 S. W., 767; Ex parte Fagg, 38 Texas Crim. 573, 44 S. W., 295; Coombs v. State, 38 Texas Crim.,

648, 44 S. W., 854; Burton v. Dupree, 19 Texas Civ. App., 275, 46 S. W., 272, and McDonald v. Denton, 132 S. W., 823.

*Campbell, Sewall & Myer, Jno. M. Cobb,* and *Smith, Crawford & Sonfield,* for defendants in error.—In the absence of a statute, injunction will not issue to prevent unlawful acts merely as such, but only when such acts invade property or civil rights and inflict a special injury upon complainant. State v. Patterson, 14 Texas Civ. App., 465, 37 S. W., 478; Spence v. Fenchler, 151 S. W., 1094; People v. District Court, 58 Pac., 604.

Appellee complaining of a public nuisance must, under the principles of equity governing the issuance of injunctions, show a special damage or injury peculiar to himself, irreparable in its nature. The jury having found against appellee upon this issue, he is not entitled to an injunction to restrain or abate the same, unless the right thereto is clearly conferred by statute. Dunn v. City of Austin, 11 S. W., 1125; Railway Co. v. De Groff, 102 Texas, 433; Ingram v. Turner, 125 S. W., 327; Spence v. Fenchler, 151 S. W., 1094; 29 Cyc., 1208, 1210.

Appellee relies for his right to an injunction upon the Act of April 18, 1907, providing for the enjoining of the habitual, actual, threatened or contemplated use of any premises for the purpose of keeping or being interested in, aiding or abetting the keeping of a bawdy house, at the suit of either the State or any citizen and without reference to special injury, but the Act contains a proviso making the same inapplicable in towns and cities acting under special charter and where bawds and bawdy houses are actually confined, by ordinance of such city, within a designated district of such city, and the uncontroverted evidence being that the City of Houston is a city acting under a special charter and that bawds and bawdy houses are actually confined by ordinance of said city within a designated district of said city, the statute by its very terms denies appellee's right to an injunction. Spence v. Fenchler, 151 S. W., 1094.

The Act of April 18, 1907, created a new right, the proviso denying to appellee the right thus created, infringed no theretofore existing right of appellee, and the universally recognized rule being that only those whose rights of person or property are violated by the enforcement of a statute can assail its constitutionality, appellee is in no position to attack the validity of the proviso. Petterson v. Board of Commissioners, 24 Texas Civ. App., 33, 57 S. W., 1002; State ex rel. Atlantic Horse Ins. v. Blake, 144 S. W., 1094, 1095 (Mo.); Hart v. Folsom, 47 Atl., 603, 605; State ex rel. Kellogg v. Currens, 111 Wis., 431; Cram v. Railway Co., 84 Neb., 607; Hartford Fire Ins. Co. v. Perkins, 125 Fed., 502; Otto v. Long, 77 Pac., 885; Wellington, Petitioner, 16 Pick., 87, 95.

If appellee has the right to an injunction herein, it is through the Act of April 18, 1907; relying for his right upon this Act, he can not attack the validity of any part thereof. Petterson v. Board of Com-

missioners, 24 Texas Civ. App., 33, 57 S. W., 1002; Otto v. Long, 77 Pac., 885, and other authorities under preceding proposition.

If the proviso in the Act of April 18, 1907, be held unconstitutional, then all grant of the right to injunction in articles 362a and 362b of said Act, so far as relates to bawdy houses, must fall, the proviso and other parts of said articles being so connected with and together make up the legislative intent as that they must stand or fall together, it not being manifest from the Act that the Legislature would have passed it without the proviso. State v. Compress Co., 95 Texas, 603, 611; Cummins v. Gaston, 109 S. W., 476; Railway Co. v. Mills, 108 S. W., 480, 482; Supreme Lodge v. Johnson, 77 S. W., 661; Petterson v. Commissioners, 57 S. W., 1002; Connolly v. Union Sewer Pipe Co., 184 U. S., 540, 46 L. Ed., 679; State v. Mitchell, 53 Atl., 887; Marsh v. Hawley, 43 Pac., 975; State v. Johnson (Mo.), 93 S. W., 784; State v. Railway Co. (Mo.), 152 S. W., 28.

One section or provision of a statute may be held unconstitutional without invalidating the whole statute, but this is so only where the provisions are separable, where it is plain the Legislature would have passed the Act with the unconstitutional provision eliminated, and when the enforcement of the constitutional part would not be opposed to the legislative intent as revealed in the Act. Railway Co. v. Mills, 108 S. W., 480, 482, quoting at length from Howard v. Railway Co., 207 U. S., 46; Cummins v. Gaston, 109 S. W., 476, and other authorities under preceding proposition.

If by striking out a void exception, provision or other restrictive clause, the remainder by reason of its generality will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent and the whole would be affected and made void by the invalidity of such part. Supreme Lodge v. Johnson, 77 S. W., 661; Lewis' Sutherland's Stat. Construction (2nd ed.), p. 597, sec. 306 (from which the above proposition is quoted), and other authorities under preceding proposition.

Courts can not declare the proviso in the Act of April 18, 1907, unconstitutional and extend the right of injunction where same is denied in the proviso on the ground of legislative policy, as evidenced by other acts extending the right of injunction, this would be legislation, not interpretation or construction. Pool v. Wedemeyer, 56 Texas, 287, 296; Dewey v. United States, 178 U. S., 510, 521; Flowing Wells Co. v. Culin, 95 Pac., 111.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was an injunction proceeding by J. W. Baker as a private citizen for the suppression of bawdy houses within what is known as the "Reservation" in the City of Houston,—a district segregated by ordinance of the city as authorized by its special charter. Upon trial, an injunction was granted against the defendants joined as owners, lessees and tenants of such houses, but was denied as to the mayor and

aldermen of the city, against whom it was sought to enjoin the enforcement of the ordinance. The appeal was by the defendants enjoined. The honorable Court of Civil Appeals reversed the judgment and rendered the cause, dissolving the injunction. It determined the case before this court's decision of Spence v. Fenchler, 107 Texas, 443.

Under articles 4689 and 4690 of the Revised Statutes (the Act of 1907) any private citizen of the State is entitled at his suit to have a bawdy house abated by means of injunction without the necessity of showing personal injury. In Spence v. Fenchler we declared to be unconstitutional the proviso in article 4689, which in its effect gave to towns and cities acting under special charters the liberty of permitting by ordinance the operation of such houses if confined within a designated district, for the reason that it was an attempt to confer upon such municipalities the authority to suspend the criminal law of the State which denounces those establishments. Brown Cracker & Candy Co. v. City of Dallas, 104 Texas, 290. It follows that the ordinance of the city purporting to create the segregated district was void.

It was also determined in Spence v. Fenchler that the invalidity of the proviso in article 4689 did not affect the remaining portion of that article, or article 4690; and that the two articles should be enforced as though the proviso were no part of them. While urged here to review that decision, we have no disposition to alter it, and it is reaffirmed.

Baker's right to the injunction is solely in virtue of articles 4689 and 4690. The jury found that he had suffered no damage by reason of the establishment and maintenance of the reservation. This precluded the issuance of an injunction in his favor under the general law as expressed in article 4643, or the ordinary principles of equity. But under articles 4689 and 4690 he was clearly entitled to the writ unless for some sufficient reason their benefit is to be denied him.

It is contended that since his right depends upon the statute and does not exist unless the proviso therein contained is invalid, the statute can not avail him because he should not be heard to question its validity. It is sought, in other words, to have applied to Baker's suit the general rule which refuses to permit a party to question the validity of a law that is the source of the right he claims.

If Baker's right to the injunction depended upon the proviso, or if its invalidity rendered the entire statute void, the rule would have application. But such is not the case. It is not the proviso which entitles the private citizen to an injunction against these houses without a showing of personal injury. It is not the source of the right which Baker here claims. That right is given by the general part of the statute, which, as we have held, has full force regardless of the invalidity of the proviso. The proviso was only an attempted limitation upon the exercise of a right elsewhere in the statute generally bestowed. Under the holding in Spence v. Fenchler, it was a separable part of the law. With this true, anyone within the terms of the valid part of the law is entitled to invoke it unaffected by the invalid part.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*