# HURLEY *v.* COMMISSION OF FISHERIES OF VIRGINIA ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

No. 33.  Argued October 10, 11, 1921.—Decided December 5, 1921.

Decree of the District Court refusing a preliminary injunction, but not dismissing the bill, in a suit to enjoin the appellees from removing stakes, etc., designating oyster grounds planted by appellant, and thereby opening them to public use,—affirmed.

264 Fed. 116, affirmed.

For a fuller statement of the case see the report of the case below.

*Mr. Thomas B. Snead* and *Mr. S. S. P. Patteson*, with whom *Mr. Herbert I. Lewis* and *Mr. Thomas J. Downing* were on the brief, for appellant.

Their principal contentions may be summarized as follows:

The statute of Virginia, known as the Oyster Law, (Acts 1910, c. 343) contains only two sections applicable to the case at bar, to wit, §§ 15 and 39. These provide for the resurveying of planting grounds, and in neither, nor in any other portion of the oyster laws, is any provision for a trial of the rights of an oyster planter, lessee of the State, whose beds adjoin the Baylor line, demarking the natural oyster grounds reserved to the public.

While the statute [1] provides for the ascertainment of a fact and uses the words " it shall appear," etc., there is no provision even for a notice to the occupant.

It is therefore submitted that under the Constitution the Commission of Fisheries did not have jurisdiction to determine the property rights of appellant. Appellant had built up and improved the grounds by planting; had been allowed by the State's officers to stake them and pay taxes for rental; was thereby an actual lessee of the State. At the time of the proceedings instituted by the Commission his property, in the shape of planted oysters upon the grounds held by the Commission to be public bottoms within the Baylor survey, were of the value of more than $8,000.

By the action of the Commission, it has been determined that the stakes designating the grounds of appellant shall be at once removed and that his planted oysters shall be thrown open to the public, and that he, the owner, shall not be permitted to take possession of or to remove the same,—thus confiscating, without any legal proceedings, the property of appellant.

It is contended by appellees that appellant appeared before the Commission. " It is not enough that the

---

[1] " § 15. *Resurveys of Planting Ground.*—When, by any resurvey of oyster-planting grounds or survey made to re-establish the lines of the State survey of natural oyster beds, rocks or shoals, which shall hereafter be made under the direction of the Commission of Fisheries, it shall appear that any holder, without his own default, and by mistake of any officer of the State, has assigned to him and included in the plat of his assignment any portion of the natural oyster beds, rocks or shoals as defined by law, and it shall further appear that such holder has oysters or shells planted on said ground, then, before the stakes shall be removed from said ground or the same opened to the public, the said holder shall be allowed a reasonable time, the length of which is to be determined by the Commission of Fisheries, in their discretion (and duly advertised), within which to remove his planted oysters or shells from said ground  . . ."

owners may by chance have notice, or that they may, as a matter of favor, have a hearing. The law must require notice and give them the right to a hearing, and an opportunity to be heard. . . . The constitutional validity is to be tested, not by what was done under writ, but by what may by its authority be done." *Stuart* v. *Palmer,* 74 N. Y. 183; Taylor, Due Process, § 133; *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413, 424; *Central of Georgia Ry. Co.* v. *Wright,* 207 U. S. 127.

*Mr. Robert W. Shultice,* with whom *Mr. J. D. Hank* was on the brief, for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Appellant sought a temporary injunction restraining the Virginia Commission of Fisheries from removing the stakes and marks which designated the boundaries of certain oyster grounds in the Rappahannock River, planted by him and which he claimed the right to occupy, and thereby opening the same for public use and enjoyment.

He maintained that the Commission was proceeding under a state statute invalid because it failed to provide for proper notice and hearing and that the proposed action would deprive him of property without due process of law contrary to the Fourteenth Amendment.

A majority of the three judges composing the court below concluded—264 Fed. 116—that the Commission had acted in substantial compliance with the challenged statute, that whatever rights of property appellant claimed in respect of the specified lands, or the oysters thereon, were necessarily based upon the statute itself and that he could not both assail it and rely upon it in the same proceeding. *Kansas City, Memphis & Birmingham R. R. Co.* v. *Stiles,* 242 U. S. 111, 117. And further that the evidence showed conclusively that the threatened

action would not deprive him of any property which he could rightfully claim. It accordingly refused to grant a temporary injunction but did not dismiss complainant's bill. We find no reason to interfere with this decree and it is affirmed.

*Affirmed.*

MR. JUSTICE CLARKE concurs in the result.