**BECTON v. DUBLIN.**

No. 4180.

Court of Civil Appeals of Texas. El Paso.

March 26, 1942.

Rehearing Denied April 30, 1942.

Murphy & Leslie, of San Angelo, for appellant.

Houston Smith, of Ozona, and Charles Gibbs, of San Angelo, for appellee.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Crockett County, 112th Judicial District. Appellant, C. B. Becton, as plaintiff, on June 24, 1941, filed this suit against appellee, John Dublin, as defendant, for the purpose of establishing plaintiff's right to possession and occupancy of 17.6 sections of University of Texas lands in Crockett County, Texas, comprised of 11,245.2 acres. The action was in trespass to try title and for injunction. Interlocutory writ of injunction was issued restraining defendant from molesting plaintiff in the possession of said land and from going on said property or moving any livestock thereon pending this suit. Defendant filed a cross-action asking that the title be quieted in him and for damages. Upon the trial the court instructed a verdict against the plaintiff that he "take nothing as against the defendant," and in favor of the defendant "on his cross action to quiet title to a lease," and submitted issue as to the reasonable rental value of the property. On the jury's findings judgment was entered quieting title to defendant's leasehold estate covering the lands in controversy, and awarding damages in favor of defendant and against plaintiff in the sum of $1,171.25.

For convenience the parties will be designated plaintiff and defendant, as in the trial court.

The peremptory instruction against plaintiff is a finding that plaintiff was not entitled to recover as a matter of law, and that consequently the court entered the only judgment which could have been properly rendered in respect to his claim to title and possession.

■ Viewing the record in the light most favorable to plaintiff, the facts on which he relies to establish his claim are, briefly summarized: At the time of trial·he was in possession of the lands and had been in continuous possession thereof for a period of more than sixteen years; from April 15, 1925 to July 1, 1940, he was a subtenant of Dolph Briscoe, of Uvalde, Texas, and others, operating under the name of "13 Ranch Company," who held an original grazing lease contract on said land from the Board of Regents of the University of Texas; this lease expired on the last day of June, 1940; on July 1, 1940 plaintiff became a tenant of the University of Texas by virtue of a contract of lease with ·the Board of Regents of the University dated June 22, 1940; the term of this lease was from the first day of July, 1940 to and including the last day of June, 1941; during his occupancy he has complied with all the terms of his sublease and lease, and has made improvements on said land of the value of more than $5,000; prior to the time that the Briscoe lease expired he made application to E. J. Compton, the lease agent of the Board, whether for a new lease or a renewal of the Briscoe lease, does not appear; Compton refused this application, and he then procured from the Board the lease contract of June .22, 1940; prior to the time that this lease expired, he made application to the Board for a renewal thereof, and was ready and willing ·to pay any lease money that the Board should demand and tendered thirty cents per annum per acre as rental. to the Board.

It is not contended that plaintiff's possession is under any lease. He claims that, because of the above facts and a well-·established policy and practice of the Board of Regents that the tenant occupying land should have the option and preference to again lease such lands before the same should be leased to another person, he was entitled to have an extension of his lease or a new lease agreement. By various assignments he challenges the ruling of the court in refusing to permit him to prove such policy and practice by witnesses. He also claims a preferential right to extend his lease or procure a new lease under the provisions of Art. 5335 of the Revised Civil Statutes.

■ It is unnecessary to determine the soundness of these claims. The lease contract of June 22, 1940 contained a typewritten endorsement across one of the pages thereof as follows: "It is expressly understood that this lease will not be renewed." Any right to renewal of the Briscoe lease, or to procure a new lease at the expiration thereof, was merged into and became a part of the contract of June 22, 1940. By the express terms of this contract any preferential right to renewal thereof which plaintiff may have had was expressly waived, and by implication such right to procure a new lease was also waived.

■ Plaintiff's prima facie showing of title under prior possession is negatived by his pleading and proof. As above stated, these were University lands. They, therefore, belonged to the State. York v. Alley, Tex.Civ.App., 25 S.W.2d 193, writ refused.

It has been repeatedly held that the prima facie inference that the possessor is the owner of property is entirely rebutted where such property is shown to be public domain. Collyns v. Cain, 9 Tex.Civ.App. 193, 28 S.W. 544, writ refused, 87 Tex. 612, 30 S.W. 858.

■ The record affirmatively showing·that plaintiff had no such title or possessory right as is required to maintain his action, the court did not err in giving the peremptory instruction against him.

■ The judgment awarding damages against·plaintiff and in favor of defendant calls for a determination of defendant's interest in the land in question and his right to possession thereof. If he had no right to possession, there could be no basis for damages for deprivation thereof because of the interlocutory injunctive writ.

Defendant is a lessee of said land under a grazing lease contract with the Board of Regents of the University of·Texas. This lease is dated January 18, 1941, and is for a term.of ten years commencing the 1st day of July, 1941, and terminating the last day of June, 1951. Plaintiff assailed the validity of this lease on several grounds: He asserted that it was the culmination of a conspiracy between defendant and E. J. Compton, agent of the Board, to deprive him of his property and the improvements.

thereon without payment therefor; he invoked the provisions of Chapter 3, Title 86, R.C.S., and especially of Art. 5335 thereof, and claimed that because of his preferential rights thereunder the Board was without authority to enter into a lease with defendant, and further that defendant's lease, having been entered into before the expiration of his lease, was therefore void. On this appeal, for the first time, he challenges the constitutionality of Art. 2596, R.C.S., and the authority thereby delegated to the Board to lease University lands.

■ Plaintiff had no valid claim for improvements. Both the original lease under which he held as a subtenant and the lease under which he held as tenant contained provisions that as part of the consideration therefor "all improvements placed thereon or that were thereon at the time of the execution of this lease shall remain and become the property of lessor." This provision being one of the express terms of his contract, no valid claim for improvements could arise. 27 Tex.Jur., p. 266, sec. 150; Miller v. Gray, 29 Tex.Civ.App. 183, 68 S.W. 517, writ refused.

■ If the provisions of Chap. 3, Title 86, R.C.S., are applicable to a grazing lease of University lands, plaintiff's contention that defendant's lease is void should be sustained. The provisions of this chapter regulating sales and leases of public school lands were enacted to carry out the mandate of the Constitution, that such lands "shall be sold under such regulations, at such times, and on such terms as may be prescribed by law." Const. Art. 7, sec. 4, Vernon's Ann.St. Their primary purpose was to promote sales as fast as it might become practicable to make them, and it has been definitely held that during the term of a lease made in accordance with such regulations, no new lease of the lands covered thereby may be made; that to hold otherwise would defeat the primary purpose and policy of the law. Ketner v. Rogan, 95 Tex. 559, 68 S.W. 774.

■ By this chapter, which expressly refers to public school, lunatic asylum, blind asylum, deaf and dumb asylum, and orphan asylum lands (Art. 5306), the Legislature has enacted laws containing specific rules, regulations and safeguards as to how, when, where and in what manner, and under what authority, leases of such lands may be made. Pertinent articles are 5331 to 5337. To hold that these minute regulations.

are applicable to a grazing lease of University lands would, in effect, nullify the unrestricted power to make such leases granted to the Board of Regents by Art. 2596, R.C.S. Such legislative intention cannot be implied. Therefore, the Board had authority to enter into the lease with defendant unhampered by the provisions of Chap. 3, Title 86.

■ We are not called upon to determine authoritatively whether the delegation of such unrestricted power to the Board by Art. 2596 is a delegation of legislative authority in violation of the Constitution. Art. 2596 is a codification of Chapter 18, General Laws of 1895. For more than forty-five years this statute has been the only law expressly relating to grazing leases of University lands. Diligent search has revealed no decision in which its constitutionality has been questioned. As stated in the emergency clause of the original act, it was deemed desirable to place University lands under the control of the Board of Regents, "in order that the interests of the University be properly looked after, and the greatest possible amount of revenue realized." That the plan has worked well may be assumed from the absence of amendment or repeal of a statute of such paramount importance during such long period of time. Authority of the Board to execute such leases has been recognized by our courts in controversies between individuals where unconstitutionality of the statute would have been determinative of the issues involved. Francis v. Crowley, Tex.Civ.App., 50 S.W.2d 462, writ refused.

Plaintiff vigorously asserts that he has a right to such a lease from the Board. His possession for more than sixteen years was under the Briscoe lease and his own lease. At the time of the trial he still held possession under a claim of preferential right to a renewal of his lease or a new lease. In short, his position in this proceeding is that, as applied to his rights to a lease, Art. 2596 is constitutional and valid; but as applied to defendant's lease it is unconstitutional and void.

■ Whatever rights of property plaintiff claimed in respect of the lands in question were necessarily based upon the statute itself. It is settled that one cannot in the same proceeding both rely upon a statute and assail it. Hurley v. Commission of Fisheries, 257 U.S. 223, 225, 42 S.Ct. 83, 66 L.Ed. 206, 207; Wall v. Parrot Silver & Copper Co., 244 U.S. 407, 411, 412, 37 S.Ct.

609, 61 L.Ed. 1229–1231; Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483; (Dissenting opinion of Mr. Justice Brandeis); 11 Am.Jur. p. 767, sec. 123; 16 C.J.S., Constitutional Law, § 90c, p. 196.

The rule has been recognized in Texas. Baker v. Coman, 109 Tex. 85, 198 S.W. 141; Kohler v. United Irr. Co., Tex.Civ. App., 222 S.W. 337; 9 Tex.Jur., p. 471, sec. 54.

 We hold that since plaintiff relied in the trial court, and here relies, on Art. 2596, R.C.S., to establish his preferential right to a lease by which he claimed and now asserts the right to possess and occupy the property, he cannot here question the authority of the Board under the same statute to lease such property to defendant.

There is another theory on which we think the monetary award for damages against plaintiff should be sustained: This was an action in trespass to try title. The judgment was that plaintiff "take nothing" as against the defendant. Such judgment operated as a muniment of title and adjudged "in effect that facts were found to exist which between the parties established in the defendant all the title to the land, including, just as effectively as though it had passed by voluntary conveyance, such title as plaintiff had." Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564.

It follows that the judgment conclusively determined that whatever right to possession plaintiff may have had, defendant had a better right.

What has been said disposes of all of appellant's assignments of error except numbers four and five, which relate to the insufficiency of the evidence to support the jury's verdict on the question of damages, and number twelve, which complains of the court's failure to grant a mistrial because of improper argument of defendant's counsel. We have carefully considered these assignments and find them to be without merit.

The judgment is affirmed.

Opinion adopted by the court.

### On Motion for Rehearing.

In his motion for rehearing appellant directs our attention to the following allegation in his supplemental petition, "Article 2596 is unconstitutional and void because it undertakes to delegate power to said Board of Regents that is inherent in the Legisla-ture and cannot be delegated." This allegation was overlooked in our opinion. Our opinion will be corrected by eliminating the words "On this appeal, for the first time," and by substituting in lieu thereof the following: "In the trial court he challenged and on this appeal."

The motion for rehearing is overruled.

Opinion adopted by the court.