**Clarence JONES, Appellant,**

v.

**Carlos GONZALES, Appellee.**

**No. 7023.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 27, 1961.

Rehearing Denied April 3, 1961.

See, also, 326 S.W.2d 634.

Monning & Monning, Amarillo, for appellant.

William Q. Boyce, Amarillo, for appellee.

DENTON, Chief Justice.

This appeal is from a suit brought by Carlos Gonzales against Clarence Jones, consisting of two counts. The first count was in the nature of a trespass to try title involving a tract of land 200 feet by 125 feet less .898 of an acre which was taken by condemnation by the State of Texas. The second count sought title to the full amount of the award paid by the State as condemnor, which had been deposited into the registry of the county court. The case was tried to a jury. Based upon the jury's answers to the special issues submitted, the trial court entered a judgment for appellee Gonzales and the appellant duly perfected this appeal.

Appellee owned a six-acre tract in Potter County, east of the City of Amarillo and adjacent to U. S. Highway 60. On March 1, 1952 appellee executed a written lease to C. O. Hughes, leasing the 200 feet by 125 feet tract out of the six acres for a term of five years from September 10, 1952 to September 9, 1957. The lease contained an option for renewal for an additional five year period at a rental of $75 per month. The lease authorized the lessee to place buildings and other improvements on the land, and such buildings so constructed and attached to the land were to become the property of the lessor upon the expiration of the lease or any renewals thereof, unless otherwise agreed to in writing by the parties. It is undisputed that no such agreement was entered into to alter this latter provision of the lease. The original lessee did construct a building on the lease premises and on May 12, 1953 Hughes assigned the lease to appellant Jones with appellee's consent. Jones subsequently exercised his option to extend the lease for an additional five-year period.

In early 1958 it became known that the State contemplated taking a portion of the premises under lease for the purpose of widening U. S. Highway 60. On April 5, 1958 Gonzales and Jones agreed in writing to accept the State's offer of $12,850 for the land and building, and they further agreed the sum would be divided equally between them. On April 17 of that year the State reduced this offer by $585 because a canvas awning and supporting steel posts had been removed from the premises. Gonzales accepted this reduced offer of $12,265, and he and his wife executed another deed which recited this reduced con-

sideration. Attorneys for the parties negotiated to determine how the reduction of $585 would be shared. Certain letters between the attorneys indicate a tentative agreement was reached, but appellee contends he did not ratify this agreement. Gonzales through his attorney withdrew his offer to accept the State's offer of $12,265 and asked for the return of the deed and other instruments. It was subsequently learned that the State had decided to discontinue buying land for right-of-way in the area of appellee's land. The State later continued its program of acquiring land in appellee's area and proceeded in due time to take the premises here by condemnation. The condemnation proceeding resulted in a commissioners' award being entered April 1, 1959 and awarded the total sum of $13,445. This total award was divided as follows: $2,245 for the .898 acre of land taken; $1,200 for damages to the residence of Gonzales, and $10,000 for the building on the condemned premises. No appeal was taken from this commissioners' award and because of the adverse claims of the parties here, the award was placed in the registry of the court for distribution by a court of competent jurisdiction. The trespass to try title feature of appellee's cause of action was not contested. Our primary concern here is who is entitled to the award paid into the court as a result of the condemnation proceeding.

In answer to special issues, the jury found: that the six-acre tract was the homestead of appellee on the date the parties agreed to accept the State's reduced offer of $12,265, and that it continued to be his homestead at the time of the trial; that the attorneys for both parties agreed to accept the reduced offer of $12,265; that appellee Gonzales ratified this agreement to accept the reduced offer; that Gonzales and Jones did not agree to share the reduction of $585 as alleged by Jones; that Gonzales had not abandoned the leased premises as his homestead at the time he consented to the assignment of the lease to Jones; that Jones and those under whom he claimed put improvements on the property in good faith; and that Gonzales repudiated his agreement of April 5, 1958 before Jones leased the premises to Basden. Based upon these findings, the trial court entered judgment awarding Gonzales title and possession of the land leased to Jones, awarded Gonzales the entire award of $13,445 paid in the condemnation proceeding, and awarded Gonzales a judgment against Jones in the sum of $560 as interest on the award from the date Gonzales made demand of Jones for the entire award. Jones was denied any recovery on his counterclaim for damages. It is from this judgment that appellant Jones duly perfected this appeal.

■ Appellant's first three points of error complain of the trial court's failure to award appellant the value of the improvements placed on the leased premises. It is appellant's contention that in as much as appellant and those under whom he claims placed the improvements on the land in good faith, appellant is entitled to the value of such improvements. Many cases are cited which support the general rule of law that one who places improvements on land in good faith is entitled to the value of such improvements. Among those cases cited are Cole v. Bammel, 62 Tex. 108; Paris & G. N. Ry. Co. v. Greiner, 84 Tex. 443, 19 S.W. 564; Eberling v. Deutscher Verein, 72 Tex. 339, 12 S.W. 205; Christopher v. Garrett, Tex.Civ.App. 292 S.W. 2d 926 (n. r. e.). However, these cases cited, along with others cited are cases in which the builder of the improvements believed he had good title to the property at the time the buildings were constructed. Here the situation is quite different. Appellee was a lessee for a term of years and was an assignee under a lease that specifically gave title to the buildings that might be built on the premises to the lessor. We therefore conclude the cases relied on by appellant to support his position relative to his being entitled to the value of improvements because of good faith are not

applicable here. In the instant case we have a leasehold estate that was terminated by a condemnation proceeding. The measure of damages for a leasehold estate has been declared to be the fair market value of the leasehold or unexpired term of the lease. Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575; Frankfurt v. Texas Turnpike Authority, Tex.Civ.App., 311 S.W.2d 261. Stated another way, where a complete leasehold is taken as in this case, the measure of damages is the value of the use and occupancy of the leasehold for the remainder of the tenant's term less the agreed rent which the tenant would pay for the use and occupancy, such values to be determined by the well established willing seller-buyer rule. State v. Parkey, Tex. Civ.App., 295 S.W.2d 457. See also 3 A.L. R.2d 290.

■■ The special commissioners in the condemnation proceeding did not apply this measure of damages but simply found the value of the building on the leased premises to be $10,000. Appellant did not appeal from the commissioners' award and in our opinion he did not introduce any evidence in the trial of this case pertaining to the value of the leasehold estate. The only testimony offered by appellant that can be said to reflect the leasehold value was the testimony of E. E. Cole to the effect, " * * * the reasonable rental value of this property * * * " was $3,000 per year. We deem this testimony insufficient to sustain appellant's burden of proof the law places upon him. Aronoff v. City of Dallas, Tex.Civ.App., 316 S.W.2d 302. It is to be further noted that no special issues were requested and none given to obtain a determination of the value of appellant's leasehold estate. By the express terms of the lease contract it was agreed that the improvements placed on the leased premises were to become the property of the lessor at the expiration of the original lease or the renewal thereof. At the time this renewed lease was terminated by the action of the condemning authorities the appellee had become the owner of the building and improvements under the terms of the lease. Miller v. Gray, 29 Tex.Civ.App., 183, 68 S. W. 517; Becton v. Dublin, Tex.Civ.App., 163 S.W.2d 907. It therefore follows that the trial court did not err in denying appellant recovery for the value of the improvements placed on the leased premises because of the good faith construction by lessee.

■ Appellant next contends the trial court erred in disregarding the settlement agreement entered into by the parties' attorneys. The jury found the attorneys for the respective parties agreed to accept the State's reduced offer of $12,265; that Gonzales ratified this agreement but that Gonzales and Jones did not agree to share the reduction of $585 as alleged by Jones.

It is undisputed that by a written agreement of April 5, 1958 the parties agreed to accept the State's offer of $12,850 and to divide the award equally. This offer was withdrawn on April 17, 1958 and the offer was reduced to $12,265 when the State representative learned the canvas awning and supporting poles had been removed. The reduced offer necessarily voided the written agreement of April 5. Any recovery by appellant must therefore be derived from a valid agreement made after the reduced offer was made. The jury found against appellant's contention that Gonzales had agreed to share the amount reduced. The record further discloses that the State's authorities were directed to discontinue acquiring right-of-way in the vicinity of appellee's property. The property under consideration here was actually acquired by a condemnation proceeding and not as a result of an agreement between the State and landowner. An agreement to share an award can not be enforced if the offer of the award by a third party is not in fact tendered. Clearly, consideration for such an agreement fails. We do not think it can be denied that the State did in fact withdraw its reduced offer of $12,265 by letter of May 30, 1958 addressed to appellee's attorney with a copy to appellant's

attorney. The State's representative returned the deed and all signed instruments to Gonzales and the last paragraph of the transmittal letter reads as follows:

"If and when it becomes necessary for the State to acquire any land from Mr. and Mrs. Gonzales we will begin our negotiations anew for the acquisition of the right-of-way."

Clearly the State had a right to withdraw its offer at any time before it took possession. Thompson v. Janes, 159 Tex. 495, 251 S.W.2d 953; Leonard v. Small, Tex. Civ.App., 28 S.W.2d 826 (error refused). These circumstances along with the jury finding that Gonzales did not agree to share the reduced offer as contended by Jones convinces us the trial court did not err as contended in appellant's points of error Nos. 4 and 5.

Appellant further complains of the trial court's refusal to admit into evidence appellant's notice to appellee of special damages claimed. This notice was in the form of letter of June 9, 1958 from appellant's attorney to the appellant with copies being mailed to appellee's attorney and the Texas Highway Department. This lengthy letter set out in some detail the various transactions that had transpired between the parties and their attorneys, and contained a paragraph to the effect that a copy of the letter was being sent to appellee and his attorney to serve as notice to them of appellant being especially damaged in event their agreement was not consummated. Appellant cites no authority in support of this contention. In view of the fact both of the State's offers in 1958 were withdrawn and condemnation by the State was temporarily suspended, we find no valid purpose the excluded letter could have served. The letter was written after appellee had withdrawn his offer to share the condemnation award. Any cause of action that might have accrued to appellant as the result of an alleged breach of the agreement would not be conditioned upon notice to appellee of such contention. We therefore conclude that the fact appellant's letter referred to was not admitted into evidence was not material and is harmless.

The judgment of the trial court is affirmed.