**TEXAS LOW–LEVEL RADIOACTIVE WASTE DISPOSAL AUTHORITY, Appellant,**

v.

**COUNTY OF EL PASO, Texas, et al., Appellees.**

No. 08–87–00093–CV.

Court of Appeals of Texas, El Paso.

Sept. 3, 1987.

Rehearing Denied Sept. 23, 1987.

Brian E. Berwick, Asst. Atty. Gen., Environmental Protection Div., Austin, for appellant.

Joe Lucas, Co. Atty., Darcy Alan Frownfelter, Asst. Co. Atty., El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

PER CURIAM.

The opinion of this Court issued on August 26, 1987, is withdrawn and the following is the opinion of the Court.

El Paso County brought a declaratory judgment action against the Texas Low–Level Radioactive Waste Disposal Authority to construe Tex.Rev.Civ.Stat.Ann. art. 4590f–1 (Vernon 1987), pertaining to the

site selection process for disposing of low-level radioactive waste. The trial court granted the County a temporary injunction, barring the State from proceeding further with the site selection process, until the trial court heard the merits of the declaratory judgment. The State appeals the order of the trial court granting the temporary injunction. We vacate the temporary injunction and reverse and remand the case to the trial court.

Point of Error No. One asserts that El Paso County has no standing or justiciable interest in the subject matter, due to its lack of general police powers and lack of extraterritorial powers, and therefore the trial court erred in failing to dismiss the County's cause of action.

■ The Appellant failed to raise this contention, based on standing, prior to the hearing and issuance of the temporary injunction and therefore has waived this assertion insofar as this appeal is concerned. *Texas Industrial Traffic League v. Railroad Commission of Texas*, 633 S.W.2d 821 (Tex.1982), *rev'd*, 628 S.W.2d 187 (Tex. App.—Austin 1982); *Light v. Wilson*, 663 S.W.2d 813 (Tex.1983); Rule 93(2), Tex.R. Civ.P., (Vernon 1979).

Point of Error No. One is overruled.

Point of Error No. Two asserts that the trial court erred in failing to dismiss the case for lack of jurisdiction since the controversy was not ripe for adjudication under the Declaratory Judgment Act.

For purposes of this opinion, we will refer to the Texas Low–Level Radioactive Waste Disposal Authority as the "Authority" or the "Appellant." El Paso County will be referred to as "County" or the "Appellee." The Low–Level Radioactive Waste Disposal will be referred to simply as "Waste" or "Waste Disposal."

Some discussion of the purpose and provisions of the statute is necessary at this point. The Authority is an agency of the State of Texas, created under Article 16, sec. 59(a) of the Texas Constitution. The statutory provisions are found in Article 4590f–1 Tex.Rev.Civ.Stat.Ann. (Vernon 1987).

The purpose of the act was to find and provide disposal sites for certain low-level radioactive waste generated within this state. The Authority consists of a board of directors with six members appointed by the governor, with the advice and consent of the senate. The board of directors is responsible for implementing the act and managing the Authority. The board consists of a medical doctor, a certified health physicist, an attorney, a geologist and two members representing the general public. After a disposal site is selected under Section 3.07(c) of the act, the governor must appoint to the board of directors a member that is a resident of the county in which the disposal site is proposed to be located.

The Authority is charged with site selection, preparation, construction, operation, maintenance, financing and the closing of the disposal sites. Certain crucial provisions of the Act, Tex.Rev.Civ.Stat.Ann. art. 4590f–1 (Vernon 1987) are summarized as follows:

Section 3.05 provides for studies and a determination of the more suitable areas of the state for low-level waste disposal activities.

Section 3.05(b)(11) refers to the selection of the *best site* for protection of public health and the environment. [Emphasis added].

Section 3.06 provides that after the studies are made under Section 3.05, the board of directors selects two or more potential disposal sites, and these two or more potential sites are then to be studied and analyzed and evaluated.

Section 3.07. When Section 3.05 and Section 3.06 are complied with, the board shall select the most suitable site and then commence public hearings, after notice, in the county of the proposed site to consider whether or not the site should be selected. Before the public hearing, the Authority must publish a report and make it available to the public. The report shall detail information regarding the site selection process and summaries of the studies made in Section 3.05 and the evaluation studies made under Section 3.06.

Section 3.07(c) provides that after the public hearing, the board shall then determine if the proposed disposal site should be selected, if so, the board shall enter an order designating the site selected.

Section 3.07(g). The board cannot select a disposal site within twenty miles upstream or up-drainage from a reservoir project that has been constructed, or is under construction by the United States Bureau of Reclamation, or the United States Corps of Engineers or has been approved for construction by the Texas Water Development Board.

Section 3.07A. *If funds are specifically appropriated* to search and acquire a disposal site on state owned land, dedicated to the permanent school fund or the permanent university fund, the Authority shall give preference to this land (if suitable) over other equally suitable sites. [Emphasis added].

In addition, there are other provisions in the Act that provide for an appointment of a mediator, additional hearings, a licensing process which provides for further hearings, and finally a provision for judicial review.

At the time the trial court granted the County's temporary injunction, the waste disposal site selection process had completed only the Section 3.06 level. The temporary injunction halted the board of directors' slated meeting to select one of the two potential disposal sites for further analysis. The temporary injunction enjoined the Authority from:

1. Selecting the two potential sites in Hudspeth County pursuant to Section 3.07(a).
2. Selecting any site in the state pursuant to Section 3.06 and Section 3.07 which is not the "best site."
3. Selecting any site pursuant to Section 3.06 and Section 3.07 which is within twenty miles upstream or up-drainage of any reservoir project that has been constructed.
4. Preferring state-owned lands and selecting sites pursuant to Section 3.06 and Section 3.07(a). (Commonly referred to in the briefs as the "State Land Preference.")

The Authority appealed the decision of the trial court to this Court. Briefs were filed and arguments were heard July 17, 1987. At the time of oral argument, the Texas Legislature was in special session and during that session passed Senate Bill 62, which emasculated many of the restraints imposed by the trial court's temporary injunction. The senate bill has now been signed into law by the governor of this state.

■ We must apply these changes made by Senate Bill 62 rather than the law in effect at the time of the trial court's decision. *Houston Lighting & Power Company v. Dickinson Independent School District*, 641 S.W.2d 302, 311 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

The net result of such amendments by the legislature to Article 4590f–1 Tex.Rev. Civ.Stat.Ann. (Vernon 1987) are:

1. The "best site" location criteria urged by Appellee has now been changed to require the Authority to select the dominant site on the basis of "suitable site" rather than "best site" as set forth in Section 3.05(b)(11).
2. The "State Land Preference" requirement which was conditioned on funds being specifically appropriated under Section 3.07A(a) has now been amended abolishing the prerequisite funding, and it now provides that the Authority shall give preference to a suitable site on state owned land for a disposal site.

The result of the legislative changes in the law leave only the "twenty mile reservoir setback rule" for this Court to consider. But is the interpretation of the "twenty mile reservoir setback rule" found in Section 3.07(g) ripe for interpretation under the Declaratory Judgment Act?

■ Ripeness for adjudication by declaratory judgment is an element of subject matter jurisdiction of the trial court in a declaratory judgment action. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex.

1985); *United Services Life Insurance Company v. Delaney*, 396 S.W.2d 855 (Tex. 1965). Without certainty that the disposal site will be located in one of the specific challenged reservoir sites, the court's attempted interpretation of the reservoir rule in Section 3.07(g) would be premature, purely advisory and not permissible. *United Services Life Insurance Company v. Delaney, supra.*

Point of Error No. Two is sustained.

At the hearing on oral argument, this Court was advised of a pending plea in abatement in the trial court, newly amended pleadings which have added new parties and new allegations. Therefore, for the convenience of all the parties concerned, we vacate the temporary injunction granted by the trial court, and reverse and remand the case for further proceedings.