**JESTER DEVELOPMENT CORPORATION, et al.,**
Appellants,

v.

**TRAVIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 3–88–251–CV.

Court of Appeals of Texas,
Austin.

Aug. 9, 1989.

Jim Turner, Crockett, Ken Oden, County Atty., Travis County, D'Ann Johnson, Asst. County Atty., for intervenor-appellee, Travis County.

Randall B. Wood and C. Richard Fine, Ray, Wood & Fine, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

SHANNON, Chief Justice.

Jester Development Corporation appeals from a declaratory judgment rendered by the Travis County district court. We will set aside the district court's judgment and dismiss the cause as one that calls for an advisory opinion.[1]

■ In 1987 Jester Development Corporation requested that the Travis County Appraisal District value its property as inventory pursuant to the 1987 amendments to Tex.Tax Code Ann. § 23.12(a) (Supp. 1989). This amended section provides:

The market value of an inventory is the price for which it would sell as a unit to a purchaser who would continue the business. An inventory shall include residential real property which has never been occupied as a residence and is held for sale in the ordinary course of a trade or business, provided that the residential real property remains unoccupied, is not leased or rented, and produces no income.

Because it did not wish to value property under the amended section, the Appraisal District filed a declaratory judgment suit to determine the constitutionality of the 1987 amendments. The Appraisal District pleaded, and the district court concluded, that § 23.12(a) is unconstitutional because it fails to tax equally and uniformly as required by Tex. Const. Ann. art. VIII, § 1(a) (Supp.1989); see also art. VIII, § 20 (1955). Specifically, the district court determined that § 23.12(a) results in property being valued not at market value, but at "investment" or "specific use" value.[2]

This appeal presents a familiar advisory-opinion scenario: a party requests a judicial determination regarding a situation which does not yet exist, a situation over which the requesting party has complete control. In this appeal, the situation is whether Jester's property will be appraised according to Tax Code § 23.12(a). The Appraisal District is the entity which sets Jester's property value, but the District has refused to exercise its authority to decide whether § 23.12(a) applies. The Appraisal District might yet choose to apply § 23.12(a)[3]; if it did, no dispute would ex-

1. Travis County filed a plea in intervention and participated in the trial. In its judgment, the district court granted Jester's motion to strike the intervention. By cross-point, Travis County appeals from the district court's order that it lacked standing to intervene. Because we have determined that the controversy calls for an advisory opinion, we likewise dismiss Travis County's appeal concerning its intervention.

2. In the meantime, however, the parties had agreed on a valuation for the 1987 tax year, and were negotiating for a valuation for the 1988 tax year. During oral argument before this Court,

the parties conceded that Jester had, indeed, paid its taxes for the 1987 tax year.

3. Richard Petree is the Chief Appraiser, and in his affidavit filed in the district court he states that he believes § 23.12(a) is invalid and that he would not use it. This statement may or may not reflect the Board's view. Either way, an official decision must be made. The District's First Amended Original Petition states that the District "is the political subdivision statutorily charged with appraising property [within Travis County] for taxation...." The duty to appraise property includes the responsibility to deter-

ist. As such, until the Appraisal District formally employs or formally refuses to employ § 23.12(a), any opinion by this Court would be purely advisory.

■ The courts in this State have no authority to render advisory opinions. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex.1985); *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 646 (1933); Tex. Const. Ann. art. V, §§ 6 and 8.[4] Declaratory judgment statutes do not enlarge the jurisdiction of Texas courts. *Firemen's Insurance Company of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968); *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960). A declaratory judgment suit is simply a procedure with which to resolve a dispute which is already within a court's jurisdiction.

The Appraisal District struggles against the import of these authorities. In its Post–Trial Memorandum on Standing,[5] the District argues that it must be able to challenge the validity of the statute. Although the District cites many cases in its standing brief, no authority exists to support the District's basic premise, that an agency has the right to a declaratory judgment on unsettled questions of law.[6] Such a right would have wide-ranging ramifica-

tions; an agency could, instead of deciding the matter before it, choose to sue the parties; a patchwork of declaratory judgments would be substituted for the administrative process.

One of the authorities cited in the District's Post–Trial brief is this Court's opinion in *Texas Municipal Retirement System v. Roark*, 401 S.W.2d 913 (Tex.Civ. App.1966, writ ref'd n.r.e.). Although this Court permitted the Retirement System to challenge a statute's constitutionality, that appeal was not from a declaratory judgment suit filed by the agency. Instead, the agency refused to make the requested payments and when Mrs. Roark filed suit, the agency defended its determination with the constitutionality argument. The same is true in the instant appeal, the Appraisal District should apply the statute as it thinks proper and, if the taxpayer appeals to district court, then the Appraisal District may defend its position.[7]

Its nature as a declaratory judgment action aside, the remaining important facts of this suit are much less similar to the other opinions cited in the Post–Trial brief than they are to *Texas Low–Level Radioactive Waste Disposal Authority v. County of El Paso*, 740 S.W.2d 7 (Tex.App.1987, writ dism'd w.o.j.) and *Grand Prairie Hospital Authority v. Tarrant Appraisal District*,

mine the proper manner with which to set the value of properties.

4. This proposition has long been a part of Anglo–American law. *See e.g., Hayburn's Case*, 2 U.S. 409, 1 L.Ed. 436 (1792); *United Public Workers of America v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947) (federal declaratory judgment suit).

5. Jurisdictional issues were not raised in this Court until oral argument, but Jester did raise the question in the trial court. The "Post–Trial" brief is a part of the transcript; it is the District's response to Jester's special exceptions and Pre–Trial Memorandum.

6. One case does appear, at first blush, to support this proposition, i.e., *Aransas Cnty. App. R. Bd. v. Texas Gulf Shrimp*, 707 S.W.2d 186 (Tex.App. 1986, writ ref'd n.r.e.). The court there held "that Tax Assessors are the proper parties to challenge the constitutionality of [tax code sections]." 707 S.W.2d at 196. This holding must be read in light of the arguments which it addresses. The taxpayers argued that because the Tax Assessor had benefitted from the tax code,

he could not then be heard to claim that a portion of the code was unconstitutional. *Baker v. Coman*, 109 Tex. 85, 198 S.W. 141 (1917). The court did not believe that the Tax Assessor had received any benefit as that term is used in *Baker*. As such, the court's statement amounts only to a repudiation of the taxpayer's argument.

The remaining language is dicta; the court in *Aransas County* did not consider the jurisdictional issues dealt with in this appeal. In short, we do not regard *Aransas County* to be authority for an agency's right to a declaratory judgment.

7. Compare footnote two. At oral argument the District took the position that the judgment in this suit cannot be advisory because the District will be subject to suit whatever its final decision may be. That consideration is wholly irrelevant. Positions of public trust exist precisely so that someone has the authority to make decisions. Any liability resulting from an official decision is the natural and inescapable side effect of a properly functioning government.

707 S.W.2d 251 (Tex.App.1986, writ ref'd n.r.e.).

In *Radioactive,* El Paso County filed a declaratory judgment suit against the Waste Disposal Authority. The Authority had not selected a radioactive waste disposal site, but it had narrowed the possible locations to two, one of which was in El Paso County. In an appeal from a temporary injunction, the Court of Appeals stated that so long as the decision was incomplete, any opinion would be "purely advisory." 740 S.W.2d at 10. *Accord In the matter of R.L.H.,* 771 S.W.2d 697 (Tex. App.—Austin, 1989) (until district court orders juvenile transferred to Texas Department of Corrections, any opinion regarding the constitutionality of the transfer order is advisory). *See also City of Garland v. Louton,* 691 S.W.2d at 605 (ripeness is a jurisdictional issue in declaratory judgment actions).

*Grand Prairie* concerned the appraisal of a hospital building. After paying taxes for three years, the hospital board decided to seek tax exempt status for the building. Before the Tarrant County Appraisal District made a final determination, the hospital board concluded that the District would not provide tax exempt status to the building. Instead of waiting for the assessment and appealing from such determination, the hospital board filed suit against the Tarrant County Appraisal District seeking a declaration that the building was exempt. The district court dismissed the suit for want of jurisdiction. In affirming the judgment of dismissal, the court of appeals stated that parties may not use declaratory judgment suits to avoid the administrative process. 707 S.W.2d at 284.

We conclude the same is true for the Travis County Appraisal District. An agency is created to determine particular issues, and it may not decline to decide those issues by filing a declaratory judgment suit.

The district court judgment is set aside and the entire cause is dismissed.[8] *City of Garland v. Louton,* 691 S.W.2d at 605.

---

8. Both parties urge this Court not to dismiss this appeal. Because Jester has again requested that its property be appraised as inventory under § 23.12(a), the parties assert that there is a continuing controversy between them. We disagree. Merely because Jester has *requested* this valuation does not create a justiciable controversy between the parties. The parties also argue that this appeal should not be dismissed because a statute's constitutionality is an important issue and because this statute will affect many properties around the state. Such considerations cannot create jurisdiction where it does not exist. *See Tex. Parks & Wildlife Dept. v. Texas Ass'n of Bass Clubs,* 622 S.W.2d 594, 596 (Tex.Civ.App.1981, writ ref'd n.r.e.).