424 F.2d 995
 John COOK, Individually and as Head Chief of the St. Regis Indian Reservation, Minerva White, Ella Peters, Noah Cook and Margrett Lazore on behalf of themselves and others similarly situated, Plaintiffs-Appellants,
v.
BOARD OF EDUCATION OF SALMON RIVER CENTRAL SCHOOL DISTRICT NO. 1, The Commissioner of Education of the State of New York and The State of New York, Defendants-Appellees.
 No. 605.
 Docket 34274.
 United States Court of Appeals, Second Circuit.
 Argued March 10, 1970.
 Decided April 21, 1970.
 
 Omar Z. Ghobashy, New York City, for plaintiffs-appellants.
 James F. Mills, Fort Covington, N. Y., for defendant-appellee Board of Education of Salmon River Cent. School Dist. No. 1.
 John P. Jehu, Albany, N. Y. (Robert D. Stone, Counsel and Deputy Commissioner for Legal Affairs, Albany, N. Y., of counsel), for defendant-appellee Commissioner of Education of State of New York.
 Robert S. Hammer, Asst. Atty. Gen., of State of New York (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendant-appellee State of New York.
 Before SMITH, KAUFMAN and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, St. Regis Indians, members of the Mohawk Nation, Six Nation (Iroquois) Confederacy and residents of the St. Regis Indian Reservation in the State of New York, instituted this class action for injunctive and declaratory relief in the United States District Court for the Northern District of New York alleging that they and others similarly situated were being denied the right to vote in local school board elections and were being prevented from nominating their own candidates for that body by virtue of the provisions of Section 2012 of the New York Education Law (McKinney's Consol.Laws, c. 16, 1969), which required, among other prerequisites for voting, that the voter be a resident of the school district in whose election he wishes to vote. The St. Regis Indian Reservation is adjacent to, but not within, the Salmon River Central School District No. 1, the district responsible for the administration of the school attended by appellants' children.
 
 
 2
 During the pendency of this action, Section 2012 of the New York Education Law was amended to provide that "no Indian shall be deemed ineligible to vote at any [school district] meeting because of his residence on a reservation in the state or because of his tribal or property status." N.Y. Educ. Law § 2012(3) (McKinney's Supp. 1969-70). This amendment became effective on May 26, 1969. Thereafter, on October 15, 1969, the district court entered an order dismissing appellants' complaint as moot and for failure to present a substantial federal question. Appellants' motion for the convening of a three judge court was denied on the same grounds. Appellants appeal from this order and from an earlier order of the district court vacating a stay of the May 6, 1969, election of members to the Board of Education of Salmon River Central School District No. 1.
 
 
 3
 We find that the issues presented in this case are moot and accordingly affirm the orders entered below.
 
 
 4
 The enactment of the 1969 amendment to Section 2012 of the New York Education Law removed all obstacles to appellants' right to participate in local school board elections. Accordingly, this case has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 201, 24 L.Ed.2d 214 (1969) (per curiam); Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).
 
 
 5
 Appellants seek to avoid a finding of mootness by urging, inter alia, that since they were not qualified to participate in the election of the present board, the continued existence of a possibly unlawfully constituted board requires that we decide the issue of the constitutionality of the residency requirement of Section 2012 as it existed prior to amendment.[1] The problem appellants raise does not justify relaxation of the traditional concepts of mootness in this case. See Hall v. Beals, supra at 48-50, 90 S.Ct. 200. Compare Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969). We note that the next election of members to the Board of Education of the Salmon River Central School District is scheduled for May 5, 1970. If we were to find the present board unlawfully constituted, the only available recourse (see Cipriano v. City of Houma, 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969)) would be to order a special election, an obviously unnecessary remedy in view of the immediate pendency of the regular election. Appellants state in their brief that under a "gentlemen's agreement" positions on the local school board are allocated to various areas and that the member representing the area including the St. Regis Indian Reservation was elected in 1969 and will serve until 1974. Nothing appears to indicate, however, that appellants are bound by any agreement or will in fact be prevented from presenting and voting for other candidates for positions on the board. We have also been advised that two persons, selected by a vote of the St. Regis Indians, have been appointed to the local board as nonvoting members and it is expected that, subject to formal proposal and vote at the annual election meeting next month, these two members, or others elected in their stead, will be made full voting members of the board. Accordingly, we do not believe the prospect that appellants will be subjected to continuing disabilities is sufficiently probable to afford a basis for our consideration of the substantive issues raised.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The special eligibility requirements of Section 2012(3), requiring that an otherwise qualified district resident be the owner or lessee of taxable real property located in the district or be the parent or guardian of a child enrolled for a specified time in a local district school were declared unconstitutional in Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969). The residency requirement itself, as well as the age and citizenship requirements of Section 2012, were not at issue in that caseId. at 625.