Peter DEMBY et al., Plaintiffs-Appellants,

v.

Jacqueline WEXLER, individually and as President of Hunter College, and Kathryn Hopwood, individually and as Dean of Students of Hunter College, and the New York City Board of Higher Education, Defendants-Appellees.

No. 203, Docket 35121.

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1970.

Decided Dec. 21, 1970.

Lawrence J. Fox, New York City (Community Action for Legal Services, Inc., John DeWitt Gregory and John C. Gray, Jr., New York City, of counsel), for plaintiffs-appellants.

Mary P. Bass, New York City (J. Lee Rankin, Corp. Counsel, Stanley Buchsbaum, New York City, of counsel), for defendants-appellees.

Before SMITH and HAYS, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

Plaintiffs-appellants were suspended from Hunter College for the remainder of the term last April 27 for disrupting the procedures of the college. Hunter College is part of the City University of New York. They were suspended without notice of charges or hearing, pursuant to paragraph 18.6 of the by-laws of the Board of Higher Education. This section provides in part: "A dean, in cases of violation of college regulations, breach of the peace, or damage to property by a student or student organization may * * * suspend [a student] for a period of time not exceeding one term. * * * " This section, as well as all of Article 18, had been superseded by a new Article 15, not containing a similar provision and guaranteeing a certain level of due process, two weeks before suspension of plaintiffs, but the dean acted pursuant to the old bylaws, allegedly because the hearing procedures provided for in the new rules had not been set up.

Plaintiffs filed a civil action in the district court for the Southern District of New York requesting that they be afforded a hearing on the charges, claiming that such a hearing was constitutionally required. Defendants agreed to give plaintiffs a hearing but refused to reinstate them pending that hearing. Plaintiffs' request for a temporary restraining order was rejected. Before the holding of the hearing, all of the students were reinstated by the Hunter College student-faculty hearing panel. Defendants filed a motion to dismiss the complaint on the grounds that the action was moot. The court, Milton Pollack, Judge, granted the motion. We find no error and affirm the judgment.

Once the students were reinstated, there was no justiciable controversy before the court. There was no likelihood shown that the old by-law claimed to be unconstitutional would be enforced against them. "[F]ederal judicial power is to be exercised to strike down legislation, whether state or federal, only at the instance of one who is himself immediately harmed, or immediately threatened with harm, by the challenged action." Poe v. Ullman, 367 U.S. 497, 504, 81 S.Ct. 1752, 1756, 6 L.Ed.2d 989 (1961).

A hypothetical threat is not enough. United Public Workers v. Mitchell, 330 U.S. 75, 90, 67 S.Ct. 556, 91 L.Ed. 754 (1947).

Judgment affirmed.