Elsie JACKSON, on behalf of her minor child Anna Jackson, on behalf of herself, and on behalf of all others similarly situated, Plaintiff,

v.

James T. HEPINSTALL, individually and as Superintendent, City of Albany Board of Education, et al., Defendants.

No. 70–CV–412.

United States District Court,
N. D. New York.

July 15, 1971.

Legal Aid Society of Albany, Inc., Albany, for plaintiff; Lawrence F. Klepper, Joel F. Spitzer, Peter T. Ruszczyk, David L. Henry, Albany, N. Y., of counsel.

John W. Hacker, Corporation Counsel, City of Albany, Albany, N. Y., for defendants James T. Hepinstall, Barbara Parr, Edward J. Handron, and Joseph Markham; Samuel Jacobs, George Meyl, Albany, N. Y., of counsel.

John P. Jehu, Associate Counsel, State Education Department, Albany, N. Y., for defendant Ewald B. Nyquist; Robert D. Stone, Albany, N. Y., of counsel.

## MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, District Judge.

The complaint in this action contains seven separate claims described as causes of action. It is very detailed and I would not classify the pleading as one in good accord with the spirit of Federal Rule of Procedure 8(a) and (e). Short and plain statements of claims, and simple, concise and direct averments of claims are directed therein. Jurisdiction is based upon 28 U.S.C. § 1343(3), (4) and 42 U.S.C. § 1983. Section 1343(3) of Title 28 has been referred to as the jurisdictional counterpart of Section 1983. (Tichon v. Harder, 2 Cir., (1971) 438 F.2d 1396, 1398 fn. 5). It is essential in order for claims to be valid and viable under the terms of Section 1983 that there be reasonably ascertainable, or at least arguably so, circumstances indicating that defendants deprived plaintiff of rights secured by the Constitution and laws of the United States and did so under color of law. (See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142). As is seemingly routine in this type action, plaintiff in this action seeks to sue as a representative of a class under particular portions of Federal Rule of Procedure 23.

A brief background of the facts and the preliminary developments in this District Court shall be stated. The incident that forms the basis for this formidable complaint and seeks to create issues of the weightiest federal constitutional significance is not an involved one. In the graphic language of the complaint, and mature experience teaches there are always two sides to these happenings in life, the plaintiff, Anna Jackson, a fifteen year old in the ninth grade, was playfully throwing an orange into the air in a hallway of a Junior High School in Albany when it slipped and fell on the floor and another person stepped on it, squashing it. It is then charged that Anna Jackson was bodily seized by a teacher defendant, Barbara Parr, and ordered to pick up the orange from the floor. According to the complaint, the teacher squeezed her neck and arm in vice-like fashion when Anna refused to pick up the orange. As a result she was brought before the Principal and suspended from the school immediately and in words of the complaint told not to return to school until she was told to return. The injuries described in the pleading are that upon her return home, the infant plaintiff was in tears and had inflamed scratch marks on her left upper arm, and large scratch and nail marks on her neck.

The involvement of the United States District Court first came when in the midst of a busy Trial Session a young lady from the Legal Aid Society of Albany, as attorneys for the Plaintiff,

presented me in my Chambers with an order to show cause for leave to prosecute the action in forma pauperis against the named defendants, and why a preliminary injunction should not issue. The order to show caused contained a temporary restraining order. I refused to sign the order to show cause under the stated policy of the Second Circuit to give at least some fair notice to defendants in these situations. Later, when all the eminent State and City counsel were present in my Chambers, a record was made which indicates that in the interim of only several days an administrative hearing had been held by the Superintendent of Schools, and the pupil had been reinstated to the school. A record of those discussions in my Chambers was made and shall be filed with this decision. It seemed to me that the matter was disposed of in the sensible, common sense way so strongly recommended by Judge Friendly, now Chief Judge Henry J. Friendly of the Court of Appeals, Second Circuit, in Negron v. Wallace, 2 Cir., 436 F.2d 1139. (See also Farrell v. Joel, 2 Cir., 437 F.2d 160.) The counsel and cautions of these eminent jurists should be made required reading for every lawyer, or embryonic lawyer on legal aid staffs. However, although the problem has been resolved, there is the pressing of the motion for the composition of a three-judge court by the legal aid lawyers for reasons I am unable to be sure enough from their presentation to state with reasonable certainty.

In my judgment, the claims on their face do not raise questions of sufficient federal constitutional substance to warrant the convention of the statutory three-judge court. (See Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794; California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323; Bynum v. Conn. Comm. on Forfeited Rights, 2 Cir., 410 F.2d 173; Utica Mutual Ins. Co. v. Vincent, 2 Cir., 375 F.2d 129.) The Court of Appeals, Second Circuit,

wants no superficial appraisal by the single judge in consideration of the substantiality of the claims. (See Kramer v. Union Free School District No. 15, 2 Cir., 379 F.2d 491, 495; Heaney v. Allen, 2 Cir., 425 F.2d 869.)

The separate and numerous claims of the complaint in my judgment are stretched far beyond permissible inconsistency and on their face are ineffective in their attempt to present a worthy federal constitutional challenge to New York law. The New York Education Law, McKinney's Consol.Laws, c. 16, Section 3214, seems to be the prime target although the claims in regard to it seem to be of the hop, skip and jump variety without much cohesiveness in the attack. The contention as best as I can grasp is that this New York law is unconstitutional because it permits a minor to be suspended for a period of five days without a hearing. After that period, Section 3214, subd. 6(c) of the New York Education Law by express terms does provide for detailed hearing procedures with right to counsel and appeal. In view of these provisions, it is hard to understand the First and Second Causes of Action asserting that indefinite and arbitrary suspension violates Due Process and Equal Protection guarantees of the Fourteenth Amendment. The Third and Fourth Causes of Action make somewhat better sense legally in their allegations that suspension of a student for the five-day period without hearing may be constitutionally defective, and in the Fourth Cause of Action that New York Education Law, Section 3214, subd. 6, par. a(1) (2) provisions are vague in its standards because its language states in one part that a minor pupil may be suspended who is insubordinate and disorderly. However, I believe, the five-day period is a reasonable suspension period and cannot rationally be compared with instances of expulsion or significant suspension period. Due Process requires an opportunity for a hearing appropriate to the nature of the case at a meaningful time and in a meaningful manner. (Armstrong v.

Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62.) In Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 507, 89 S.Ct. 733, 21 L.Ed.2d 731, it was said that the Supreme Court has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools. The vagueness charge in my opinion here is shallow and untenable because the terms in the portion of the Statute challenged have in my judgment a plain, common meaning for anyone to comprehend. (See Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322; United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.)

█ The Fifth, Sixth and Seventh Causes of Action seem to be sideswipes at the Family Court Act of New York offered I assume as pendent to the constitutional questions sought to be raised in the previous claims. It covers alleged practices of Albany School authorities on filing juvenile delinquency complaints in the Family Court as done here during or after an incident in the schools. It is stated such conduct by the authorities has a chilling effect, whatever that means in this context, in the exercise of First, Fifth and Sixth Amendment rights. Drastic injunctive relief is sought but no declaration of unconstitutionality of the Family Court Act. In this jumble of contentions, I am unable to find satisfactory constitutional substance to grant the request for the burdensome assembly of three judges. (See Rosenberg v. Allen (S.D.N.Y.) 258 F. Supp. 511; Schwartz v. Schuker (E.D. N.Y.) 298 F.Supp. 238.)

█ It becomes questionable at times in this complex area of law whether dismissals should be for lack of jurisdiction or failure to state a claim upon which relief can be granted. (Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442.) I intend herein to do it both ways due to the formidable array

of obstacles to entertainment jurisdictionally, and for inability due to the flimsy underpinning to find a federal question in the pleading upon which the drastic relief sought could possibly be granted. Once the student was reinstated, there was no justiciable controversy before the Court. (Demby v. Wexler, 2 Cir., 436 F.2d 570.) One cannot in the same proceeding both assail a statute and rely upon it. (Hurley v. Comm. of Fisheries, 257 U.S. 223, 225, 42 S.Ct. 83, 66 L.Ed. 206; Fahey v. Mallonee, 332 U.S. 245, 255, 67 S.Ct. 1552, 91 L.Ed. 2030.) The mootness doctrine is definitely applicable. (See Wright on Federal Courts, p. 33; Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed. 2d 917; Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491; Cook v. Board of Education, 2 Cir., 424 F.2d 995.) It is contended for plaintiff that even though the problem of hearing and reinstatement is resolved, the class action remains and will not allow dismissal on the ground of mootness. Class action does not fit this purely individualistic claim of wrong that is based upon a set of circumstances unusually uncommon and unforeseeable and practically impossible to apply to reach and identify other persons so situated. (Wright, Federal Practice and Procedure, Vol. 2, p. 284; Green v. Wolf Corp., 2 Cir., 406 F.2d 291; Eisen v. Carlisle & Jacquelin, 2 Cir., 391 F.2d 555; Dale v. Hahn, 2 Cir., 440 F.2d 633.)

The most distressing part of the filing of this action with enormous briefing is that again there was deliberate bypass of administrative procedures that are an integral part of our governmental system promulgated with legislative wisdom to insure speedy administrative review in order to correct unfairness if it exists without encumbering the courts beyond their due. The counsel for the Commissioner of Education of New York expresses indignation in his briefing, and rightfully so in my opinion. The Commissioner was served with a summons and complaint from a federal

court concerning an incident about which he knew nothing and for which there was available a right of appeal that in practically every instance of this kind is pursued. (N.Y.Ed.Law, Section 310.) Several decisions of the Commissioner are attached to the brief filed in his behalf, and shall be filed with the Clerk. The decisions indicate progressive and conscientious attention to such matters with direction often directed when necessary to the school authorities adverse to their judgment.

■ Again, I state if these civil rights actions are to be filed, the pertinent cases should be read that are controlling in this Circuit. Under Eisen v. Eastman, 2 Cir., 421 F.2d 560, 569, a famed case explaining the personal liberty-property right concept that controls their propriety, it was flatly held that plaintiffs in these purported civil rights cases may not turn their backs on state administrative remedies and rush into a federal forum. (See also Hall v. Garson, 5 Cir., 430 F.2d 430, 436 fn. 11; Stevenson v. Bd. of Ed. of Wheeler Co., Georgia, 5 Cir., 426 F.2d 1154.) If final decision of Commissioner is arbitrary or capricious, court review is maintainable in New York. (Craig v. Bd. of Ed., 173 Misc. 969, 19 N.Y.S.2d 293, affd. 262 App.Div. 706, 27 N.Y.S.2d 993; see also Farrell v. Joel, supra, 437 F.2d at p. 164, Lumbard, Ch. J. concurring; Bond v. Dentzer (N.D.N.Y.), 325 F.Supp. 1343.)

The motion for a three-judge court is denied and dismissed. For record purposes, if there is any motion open for temporary injunction in behalf of plaintiff, it is denied and dismissed. The complaint in its entirety is dismissed for lack of jurisdiction, or in the alternative for failure to state a claim upon which relief can be granted against all defendants. The filed motion of the defendant Commissioner for such relief is granted.

It is so ordered.