**Kenneth KEESEY, James Neilsen, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**Mary Lee LEAHY, Individually and in her capacity as Director of the Illinois Department of Children and Family Services, James L. Trainor, in his capacity as Director of the Illinois Department of Public Aid, Richard S. Laymon, Individually and in his capacity as Guardianship Administrator of the Illinois Department of Children and Family Services, Emily Figuroa, Individually and in her capacity as a Caseworker representing the Department of Children and Family Services, Defendants.**

No. 76 C 4420.

United States District Court, N. D. Illinois, E. D.

Sept. 27, 1977.

John D. Shullenberger, Mark K. Schoenfield, Northwestern Legal Assistance Clinic, William A. Wenzel, III, Welfare Litigation Division, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., State of Illinois, Chicago, Ill., for defendants.

MEMORANDUM OPINION

FLAUM, District Judge:

Before the court are the motions of all the defendants to dismiss this case or alternatively for summary judgment. Fed.R. Civ.P. 12 & 56. Plaintiffs bring this action challenging the defendants' alleged policy of cutting off all financial support to Illinois Department of Children and Family Services [DCFS] recipients after they reach their 18th birthday. Plaintiffs argue the policy violates their statutory and constitutional rights. For the reasons stated *infra*, defendants' motions for summary judgment are granted. Because this court resolves this action on justiciability grounds, the statutory and constitutional arguments are not reached.

This action is brought for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 (1970) and 28 U.S.C. §§ 2201, 2202 (1970). Plaintiffs additionally sue under Title XX of the Social Security Act, 42 U.S.C. §§ 1397–1397f (Supp. V 1975).

Plaintiffs are 18 year olds who have received direct child welfare services provided by the Illinois Department of Children and Family Services. In their complaint, plaintiffs alleged that as they approached their 18th birthdays they were notified by their DCFS caseworkers that their aid would be shut off upon attaining the age of 18. However, upon reaching that age, aid to both of the named plaintiffs was in fact not shut off. Plaintiff Keesey celebrated his 18th birthday August 9, 1976, almost four full months before suit was filed. Plaintiff Neilsen attained his 18th birthday October 5, 1976. The alleged DCFS policy of automatically terminating benefits to those reaching 18 was revised prior to filing of this suit. Guidelines implementing this policy were published the same day suit was filed.

Defendants argue *inter alia* that the case is not justiciable and hence should be dismissed. They point out that federal court jurisdiction can only be invoked when plaintiffs have suffered actual injury from the illegal action or are in imminent danger of such harm. They argue that since plaintiffs have in fact suffered no injury, no case or controversy exists. Plaintiffs respond by pointing out that the defendants have not denied that termination of the services was threatened by the caseworkers of each plaintiff. They argue the caseworkers threatened to terminate the benefits during the period following the 18th birthdays of the plaintiffs. They further argue that such termination would be made contrary to the best interests of the individuals in question violating the newly promulgated guidelines. Additionally, plaintiffs argue that they have suffered emotional trauma as a result of the uncertainty of their circumstances.

■ The defendants' affidavits and exhibits establish conclusively that the alleged termination of the social services has never taken place. Plaintiffs do not controvert this. Both plaintiffs state in their affidavits they have continued to receive support from the DCFS on a continuous basis. Further, the plaintiffs have offered no evidence to demonstrate they are in fact in danger of immediate termination, aside from the "threats" of termination by one caseworker of plaintiff Keesey. Assuming, without deciding, the plaintiffs have standing to bring this suit,[1] this case is clearly not ripe for decision.

■ In order to demonstrate an issue is ripe for decision, the party must assert that he has suffered or is immediately in danger of suffering a direct injury. *Doremus v. Board of Education*, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475 (1952). The action challenged must be so final that the constitu-

---

1. Plaintiffs argue they have standing to bring this suit because the emotional trauma they have suffered from the uncertainty of their situation assures sufficient adversariness. Plaintiffs do appear to have demonstrated an adverse interest which is personal to them and is not negligible. However, since the case is decided on ripeness grounds, this issue need not be directly decided. *See Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 151, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). *See also Warth v. Seldin*, 422 U.S. 490, 498–500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

tional question involved will be decided in the context of a concrete case. A mere hypothetical threat of the performance of the challenged act is not enough. *Joint Anti-Fascist Committee v. McGrath,* 341 U.S. 123, 154–57, 71 S.Ct. 624, 95 L.Ed. 817 (1951); *United Public Workers v. Mitchell,* 330 U.S. 75, 89–90, 67 S.Ct. 556, 91 L.Ed. 754 (1946). *See also Demby v. Wexler,* 436 F.2d 570, 571 (2d Cir. 1970) (per curiam); *Members of the Jamestown School Committee v. Schmidt,* 427 F.Supp. 1338 (D.R.I. 1977). Admittedly, the difference between an actual controversy and a mere hypothetical threat is "necessarily one of degree." *Super Products Corp. v. D P Way Corp.,* 546 F.2d 748 (7th Cir. 1976).

■ Nevertheless, it is settled that where plaintiffs seek a decision concerning alleged "infringements of constitutionally protected rights they desire to be protected from, judicial authority will not intervene until actual interference is realized." *Council No. 34, American Fed. State, C. & M. Emp. v. Ogilvie,* 465 F.2d 221, 226 (7th Cir. 1972); *Poe v. Ullman,* 367 U.S. 497, 504–05, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). The reason for this is twofold: "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

*Abbott Laboratories* details two requirements for ripeness. First, the challenged action must present issues for judicial resolution. Second, the action must have a direct and immediate impact on the plaintiffs. *Id.* at 149, 87 S.Ct. 1507. Here at most there is a mere threat of a cut off of benefits and absolutely no showing of injury. The court therefore is without jurisdiction to decide this matter.

The parties have not cited and the court in its own research has been unable to discover a case which is factually apposite.

However, in *Black v. Beame,* 419 F.Supp. 599 (S.D.N.Y.1976), *aff'd,* 550 F.2d 815 (2d Cir. 1977), an analogous issue was considered. In *Black,* a mother who was an Aid to Families with Dependent Children recipient alleged that public officials and welfare and child care agencies had violated their statutory and constitutional obligations to supply her with sufficient services to enable her to maintain her family intact. Four of her children were being maintained in a foster home. Among other things, she challenged the "threats" of defendants that they would bring legal action to remove some of her remaining children into foster care institutions. The court held that such a claim was "self-evidently not ripe for decision." 419 F.Supp. at 604. Any "threats" before the court here have equal status.

Nor does this court view the preparation and publication of the guidelines as evidence of "voluntary cessation of allegedly illegal conduct [that does not deprive] the tribunal of power to hear and determine this case." *United States v. W. T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). *See also DeFunis v. Odegaard,* 416 U.S. 312, 318–19, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). Since the allegedly illegal action has always been merely hypothetical, there could clearly never be a voluntary cessation of the conduct.

Accordingly, defendants' motions for summary judgment are granted and this case is dismissed.

It is so ordered.